NOT DESIGNATED FOR PUBLICATION

No. 112,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EVAN TYLOR MAHONEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis County District Court; EDWARD E. BOUKER, judge. Opinion filed March 9, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Christopher W. Lyon*, assistant county attorney, *Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Defendant Evan Tylor Mahoney challenges the Ellis County District Court's ruling denying his motion to suppress the results of a breathalyzer test used to support his conviction for driving under the influence in violation of K.S.A. 2012 Supp. 8-1567. Mahoney contends his consent to the testing was impermissibly coerced because of the criminal penalties imposed in K.S.A. 2012 Supp. 8-1025, a statute the Kansas Supreme Court has since held to be unconstitutional. The State counters with dual arguments: (1) The district court's ruling may be affirmed because the arresting officer acted in good-faith reliance on K.S.A. 2012 Supp. 8-1025, thereby overriding the

1

exclusionary rule applied to bar evidence government agents obtain in violation of the Fourth Amendment to the United States Constitution; and (2) the ruling may be affirmed because the breath test was administered as a search incident to Mahoney's arrest for driving under the influence.

The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The stipulation established that an officer arrested Mahoney on suspicion of DUI after the officer arrived at a one-vehicle accident to find Mahoney passed out in the driver's seat of the vehicle. Mahoney subsequently agreed to submit to breath-alcohol testing after hearing and reading the implied consent advisories. The parties further agreed that the officer had probable cause to make the arrest; that the officer did not attempt to obtain a warrant prior to requesting the breath-alcohol test; and that Mahoney's blood-alcohol content exceeded the legal limit. The district court denied the motion to suppress, found Mahoney guilty, and duly sentenced him. Mahoney appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*), and supplemental briefing from the parties on those cases. The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, and held consent given on threat of the criminal prosecution under K.S.A. 2016 Supp. 8-1025 to be invalid in *Nece II*, 306 Kan. at 681. These conclusions render Mahoney's consent in this case legally tainted.

In its present factual and legal posture, this case presents precisely the same controlling issues that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶¶ 5-6 (No. 112,449 filed March 2, 2018). We find the reasoning and result in *Perkins* persuasive. We, therefore, affirm the district court's denial of Mahoney's motion to suppress because the breathalyzer test was a constitutionally proper warrantless search

incident to Mahoney's arrest and, alternatively, because the arresting officer relied in good faith on K.S.A. 2012 Supp. 8-1025, before it was declared unconstitutional, to inform Mahoney about the legal consequences of declining to take the test. In turn, we affirm Mahoney's conviction and sentence.

Affirmed.

* * *

ATCHESON, J., concurring:  For the reasons set out in my concurring opinion in *State v. Perkins*, 55 Kan. App. 2d ___, slip op. at 14-19 (No. 112,449 filed March 2, 2018) (Atcheson, J., concurring), I would affirm the Ellis County District Court's ruling on the motion to suppress based solely on the good-faith exception to the exclusionary rule applicable to violations of the Fourth Amendment to the United States Constitution. That alone is sufficient to uphold the district court in all respects.